# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JUD T. SEECH,**
**Claimant Below, Petitioner**

**FILED**
**June 2, 2026**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-328** (JCN: 2021025884)

**FRONTIER KEMPER CONSTRUCTORS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jud T. Seech appeals the July 14, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Frontier Kemper Constructors, Inc. ("Frontier") filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order that granted and paid temporary total disability ("TTD") benefits. Specifically, Mr. Seech objects to the benefit rate that the claim administrator used to calculate the TTD benefit payment.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Seech developed carpal tunnel syndrome as a result of his occupation, and his workers' compensation claim was held compensable for the condition. By order dated August 2, 2024, the claim administrator paid Mr. Seech TTD benefits at a rate of $576.03 per week. Mr. Seech protested this order to the Board on the basis of the benefit rate the claim administrator used to calculate his TTD benefits.

Mr. Seech testified by deposition on November 11, 2021, about his work activities in the coal mining industry, and said that he worked for Frontier from January 25, 2021, until April 27, 2021. Mr. Seech said he worked a "seven-on, seven-off schedule" and worked twelve-hour days. At a second deposition on January 6, 2025, Mr. Seech testified further about his work schedule. He stated that he worked seven, thirteen-hour shifts, followed by seven off-work days. Regarding his rate of pay, Mr. Seech explained that he

---

[1] Mr. Seech is represented by J. Thomas Greene Jr., Esq., and T. Colin Greene, Esq. Frontier is represented by Maureen Kowalski, Esq.

1

received $25 an hour plus $100 per diem pay. Mr. Seech testified that his employer paid him every week, but he was off every other week. Thus, for example, his time worked in one week was split between two weeks such that he may have fifty-two hours one week and four days per diem, and the next week he would have thirty-nine hours, and three days per diem. On cross-examination, Mr. Seech explained that although his employer described his workday as a twelve-hour shift, he actually worked a thirteen-hour workday, and his pay stubs reflected thirteen hours per day. Mr. Seech noted that he did not have any pay stubs because he accidentally threw them away.

A report from Frontier shows the regular hours and the overtime hours for which Mr. Seech was paid for the approximately thirteen-week period from January 25, 2021, through April 27, 2021. According to the document, Frontier paid Mr. Seech $24 per hour for regular pay, and he received several overtime hour payments of $36 per hour. The document does not reflect any per diem payments. The record also includes a Daily Benefit Rate Computation Sheet for fiscal year 2021. According to this computation sheet, the maximum weekly benefit rate payable for TTD benefits in fiscal year 2021 was $885.32, and to qualify for the maximum benefit rate, an injured worker would need to earn $1,327.98 weekly. The record also includes a Social Security Administration earnings report, documenting that Mr. Seech earned $13,788 (in regular earnings) in 2021.

Further, the record contains printouts from an online TTD Wage Calculator ("calculator") provided by the West Virginia Offices of the Insurance Commissioner. Two printouts show two different calculations of benefits. The first printout, dated January 9, 2025, shows a calculation based on an hourly wage of $24 for forty hours of work per week, yielding a daily rate of $137.14. The calculator also yielded a daily rate based on quarterly earnings in the amount of $12,852, for the quarter running from January 24, 2021, to April 24, 2021. The calculation on this report produced a higher daily rate ($141.23) than did the calculation based on hours and hourly wages. Using the best rate, an average weekly wage of $988.61 was derived, and this further generated a compensation rate of $659.11.

Run a different way, a second printout dated February 20, 2025, shows that thirty-six hours per week at $24 per hour yielded an average weekly wage of $864; this generated a compensation rate of $576.03. This calculation did not include a benefit based on quarterly earnings.

By order dated July 14, 2025, the Board affirmed the claim administrator's order dated August 2, 2024, finding that Mr. Seech failed to prove by a preponderance of the evidence that his TTD benefits were paid at an incorrect benefit rate. Mr. Seech now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Seech argues that the Board erred in affirming the claim administrator's order that used an incorrect basis to calculate his TTD benefits. Specifically, Mr. Seech asserts that the claim administrator did not include his per diem pay when it calculated his benefit rate. On January 6, 2025, Mr. Seech testified that his wages at Frontier included a $100 per day per diem payment. Had the $100 per day per diem pay been included in his rate of pay, Mr. Seech maintains that his average weekly wage would then entitle him to the maximum benefit rate of $885.32. Mr. Seech notes that regardless of whether his hourly wage was $24 per hour or, as he testified, $25 per hour, had the per diem amount been included in the calculation, he would have qualified for the maximum TTD rate. Mr. Seech requests that his benefits be recalculated so that he is provided the maximum benefit rate. We disagree.

Pursuant to West Virginia Code § 23-4-6(b) (2005),

[f]or all awards made on and after the effective date of the amendment and reenactment of this section during the year two thousand three, if the injury causes temporary total disability, the employee shall receive during the continuance of the disability a maximum weekly benefit to be computed on the basis of sixty-six and two-thirds percent of the average weekly wage earnings, wherever earned, of the injured employee, at the date of injury, not to exceed one hundred percent of the average weekly wage in West Virginia ….

Further, West Virginia Code § 23-4-14(a) provides that "[t]he average weekly wage earnings, wherever earned, of the injured person at the date of injury and the average

3

weekly wage in West Virginia as determined by the commission, and, effective the first day of January, two thousand six, the insurance commissioner, in effect at the date of injury, shall be taken as the basis upon which to compute the benefits." Finally, West Virginia Code § 23-4-14(b)(2) (2005) provides that,

> [o]n and after the first day of July, one thousand nine hundred ninety-four, the expression "average weekly wage earnings, wherever earned, of the injured person, at the date of injury", within the meaning of this chapter, shall be computed based upon the daily rate of pay at the time of the injury or upon the weekly average derived from the best quarter of wages out of the preceding four quarters of wages as reported to the commission pursuant to subsection (b), section two, article two of this chapter [23-2-2(b)], whichever is most favorable to the injured employee, except for the purpose of computing temporary total disability benefits for part-time employees pursuant to the provisions of section six-d [§ 23-4-6d] of this article.

Upon review, we cannot find that the Board erred in affirming the claim administrator's order and finding that Mr. Seech did not prove that his TTD benefits were paid at an incorrect benefit rate. The Board noted that Mr. Seech did not indicate what he believed the correct TTD benefit rate should be and said that the evidence he submitted did not establish an incorrect benefit rate for his TTD payment. The record is insufficient to support Mr. Seech's allegation that he was paid a per diem that the claim administrator improperly failed to include in its calculation of TTD benefits.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's August 2, 2024, order granting TTD benefits.

Accordingly, we affirm the Board's order dated July 14, 2025.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White